IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: Numerical Control Support, Inc.,

Case No. 22-21075

Debtor.

_____

**U.S. Trustee's Objection to Debtor's Plan of Reorganization**
_____

Under 11 U.S.C. §§ 1129(a)(3) and 1129(a)(11), the United States Trustee objects to the plan of reorganization filed by the debtor Numerical Control Support, Inc.[1] The plan proposed by Numerical Control does not meet the requirements of § 1129(a) and cannot be confirmed.

Among the requirements in § 1129(a) is (3), which states that a court can confirm a plan of reorganization only if the plan "has been proposed in good faith." Because the plan proposed by the debtor does not satisfy all § 1129(a) provisions, it should not be confirmed.

## Background

Numerical Control is a manufacturer of aerospace components that has been in business since 1974. On November 3, 2022, it commenced

---

[1] Doc. #87.

this bankruptcy case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code.[2]

On February 1, 2023, Numerical Control filed its plan of reorganization.[3] It attached financial projections for the following five years as Exhibit 2 to its plan of reorganization.[4] It forecasts increasing revenue, and an increase in both net income and cash reserves over the next five years. Yet the plan calls for general unsecured creditors to share pro-rata in a single $100,000 distribution to be made on April 1, 2028.[5] The plan is not proposed in good faith. Therefore, the plan should not be confirmed.

## Argument

The Plan is Not Proposed in Good Faith

Based on the debtor's projections, confirmation should be denied because the plan is not proposed in good faith. Section 1129(a)(3) provides that a plan may only be confirmed if "the plan has been proposed in good faith and not by any means forbidden by law."

---

[2] Doc. #1.
[3] Doc. #87.
[4] Doc. #87-2.
[5] Doc. #87 at 5.

The test of good faith under § 1129(a)(3) "focuses on whether a plan is likely to achieve its goals and whether those goals are consistent with the Code's purposes."[6] "Two of the primary objectives of Chapter 11 are the expeditious resolution of disputes and speedy payment to creditors."[7]

Numerical Control proposes a one-time payment of $100,000 to general unsecured creditors—and that to be delayed to the end of the plan on April 1, 2028. However, its financial projections indicate that it should have over $900,000 in cash reserves by that point.[8] Its financial projections also show that it should be profitable by July 2024[9]—and therefore in a position to make partial payments to unsecured creditors significantly earlier than the proposed date of April 1, 2028. Numerical Control can pay more and more often.

The unsecured debtors were already waiting for payment before this bankruptcy was filed, and Numerical Control proposes they wait

---

[6] *Search Mkt. Direct, Inc. v. Jubber (In re Paige)*, 685 F.3d 1160, 1179 (10th Cir. 2012).

[7] *In re Kemp*, 134 B.R. 413, 415 (Bankr. E.D. Cal. 1991) (quotation marks omitted).

[8] Doc. 87-2 at 4.

[9] *Id.* at 3.

another five years even though it projects it will have money to pay them before then. They are harmed not just by the delay in payment, but also the uncertainty caused by such a long delay. Numerical Control has indicated it may be sold in the interim. There is at least some risk that the unsecured creditors may have to pursue a successor entity to collect their payout. Any individual creditor, whose share is reduced by the large creditor pool, and whose payout has been reduced by time, may not have the economic incentive to litigate for recovery in state court.

Numerical Control offers no justification for the proposed delay, no explanation for the small payments compared to income and cash reserves, and no accommodation for unsecured creditors in the event of a sale. What happens if ownership sells the reorganized debtor and realizes significant equity? Should the unsecured creditors be able to share in that equity? Should the payment to unsecured creditors be accelerated? The plan should be denied for not being proposed in good faith.

The United States Trustee therefore requests that the Court decline to confirm the plan in its existing form.

4

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: *Richard A. Kear*, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6213 (phone)
richard.kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 16, 2023, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: *Richard A. Kear*